

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware, 19801
www.dlapiper.com

R. Craig Martin
craig.martin@dlapiper.com
T   302.468.5655
F   302.778.7834

April 6, 2022

**VIA ECF**

The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 North King St., Unit 26, Room 6124
Wilmington, DE 19801

    Re:    *Rusoro Mining Ltd. v. Bolivarian Rep. of Venez.*, 21-mc-00481-LPS (D. Del.)

Dear Judge Stark,

    We write on behalf of Plaintiff and judgment creditor Rusoro Mining Limited ("Rusoro") in the matter of *Rusoro Mining Ltd. v. Bolivarian Rep. of Venez.*, 21-mc-481-LPS (D. Del.), to address Rusoro's pending Motion for an Order Authorizing the Issuance of a Writ of Attachment *Fieri Facias* and a Finding That Reasonable Time Has Passed to Execute Judgment Pursuant to 28 U.S.C. § 1610(c) (D.I. 2) ("Execution Motion"), filed on February 9, 2022.

    Rusoro also filed with the Execution Motion a Motion for Leave to File Excess Pages ("Motion for Excess Pages," together with the Execution Motion, the "Motions"), seeking leave of the Court to exceed the page limit requirement for Rusoro's Memorandum of Law in Support of the Execution Motion. On March 2, 2022, the Court granted Rusoro's Motion for Excess Pages. D.I. 4.

    As discussed in Rusoro's letter to the Court, dated March 1, 2022 (D.I. 8) ("March 1 Letter"), Rusoro provided notice of the Motions by mailing hard copies, along with all supporting papers, via express mail to individuals representing judgment debtor Bolivarian Republic of Venezuela ("Venezuela"), interested party Petróleos de Venezuela SA ("PDVSA"), and garnishee PDV Holding, Inc. ("PDVH"). Each of those packages was delivered on February 11, 2022. True and correct copies of notifications confirming delivery to each of the recipients listed in the March 1 Letter are attached hereto as **Exhibit A**. In addition, on February 10, 2022, Rusoro served copies of the Motions and supporting papers on PDVH's Registered Agent, Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware 19801. A true and correct copy of an affidavit demonstrating proof of service on PDVH is attached hereto as **Exhibit B**.

    Over seven weeks have passed since Rusoro provided notice of the Motions, and to date, no party has responded to the Motions or indicated that they intend to appear in these proceedings. Even assuming the time to respond to the Execution Motion under Local Rule 7.1.2(b) did not begin until March 2, 2022 (which, as noted above, is the date when the Court granted Rusoro's Motion for Excess Pages and deemed the subject memorandum of law to have been filed), the

VIA ECF
Hon. Leonard P. Stark
April 6, 2022
Page Two

deadline for any response would have been March 16, 2022 at the latest.  More than enough time has passed for Venezuela, PDVSA, and/or PDVH to respond to the Execution Motion.  Moreover, Venezuela, PDVSA, and PDVH are aware of the Execution Motion, as this proceeding is expressly referenced in a recent Joint Status Report filed in other pending creditor proceedings before the Court.  *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, No. 19-mc-290-LPS (D. Del. Mar. 9, 2022), D.I. 111 at 6, n.2.  This Court should therefore consider the Execution Motion unopposed.

Accordingly, as set forth in the Execution Motion, Rusoro respectfully requests that this Court enter an order authorizing the issuance and service of a writ of attachment *fieri facias* to PDVH against its shares, conditioned upon the Court's receipt of evidence that the Office of Foreign Assets Control has either authorized such issuance and service or removed the prohibition and sanctions currently in place that prevent the issuance and service of such a writ.  The requested relief is consistent with that which the Court recently granted to ConocoPhillips by entering an order "authorizing the eventual issuance of a writ of attachment in ConocoPhillips' case, conditioned on receipt of evidence that ConocoPhillips has obtained a specific license from OFAC or that the sanctions regime has materially changed."  *Phillips Petroleum Company Venezuela Limited and ConocoPhillips Petrozuata B.V. v. Petroleos de Venezuela, S.A. et al.*, No. 19-mc-342-LPS (D. Del. Mar. 2, 2022), D.I. 42 at 22; D.I. 43.  Rusoro maintains that there is sufficient evidence in the record to support a finding that: (i) pursuant to Section 1610(c) of the Foreign Sovereign Immunities Act, a reasonable period of time has elapsed following the entry of a judgment in favor of Rusoro and against Venezuela to permit execution in aid of such judgment; and (ii) PDVSA is the alter ego of Venezuela.

Rusoro further requests that it be permitted to appear in any future joint status conferences or hearings concerning the related creditor proceedings.

Respectfully submitted,

*/s/ R. Craig Martin*
R. Craig Martin

cc:  All counsel of record for Venezuela, PDVSA, and PDVH in 17-mc-00151-LPS (D. Del.), 20-mc-257-LPS (D. Del.), 19-mc-00342-LPS (D. Del.), 19-mc-00079-LPS (D. Del.), 19-mc-00290-LPS (D. Del.), and 16-cv-2020-RJL (D.D.C.).