

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801
www.dlapiper.com

R. Craig Martin
craig.martin@dlapiper.com
T  302.468.5655
F  302.778.7834

May 5, 2022

**VIA ELECTRONIC FILING**

The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

      Re:  *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Misc. No. 21-481-LPS (D. Del.)

Dear Judge Stark:

      Plaintiff Rusoro Mining Ltd. respectfully submits this response to putative-intervenor PDVSA's correspondence to the Court dated April 28, 2022 regarding the Supreme Court's recent decision in *Cassirer v. Thyssen-Bornemisza Collection Foundation*, No. 20-1566, 2022 U.S. LEXIS 2097 (U.S. Apr. 21, 2022).  PDVSA interprets *Cassirer* to mean that this Court's determination in *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela* (which was affirmed by the Third Circuit, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 134 (3d Cir. 2019)) that the corporate veil between PDVSA and Venezuela should be disregarded was incorrect because the Court should have applied Delaware, not federal, law.  PDVSA's interpretation is incorrect.

      Nothing in *Cassirer* suggests, let alone holds, that the Supreme Court intended to displace the federal common law standard it established in *First Nat'l City Bank v. Banco Para El Comercio Exterior de Cuba ("Bancec")*, 462 U.S. 611 (1983) for determining whether to pierce the corporate veil between a foreign state instrumentality and its parent government.  In fact, *Cassirer* did not involve any veil-piercing theories; rather, the choice-of-law issue in *Cassirer* concerned the body of law that should be applied to determine the state-law property claims at issue in that case.  The Supreme Court held simply that Section 1606 of the Foreign Sovereign Immunities Act ("FSIA") requires that, once the immunity of a foreign state instrumentality has been abrogated, the court must then apply the same choice-of-law that would apply to *determinations of substantive liability* in a similar suit between private parties.  Far from a groundbreaking decision, the unanimous Court characterized the legal issue before it in *Cassirer* as "prosaic."

      PDVSA nonetheless argues that *Cassirer* effectively overruled *Bancec,* and that *Cassirer* demonstrates that this Court should have applied state law, rather than federal common law, to



the question of whether PDVSA was entitled to be treated as a legal entity separate from Venezuela. This argument, however, was expressly rejected by the Supreme Court in *Bancec* itself. As this Court is aware, in *Bancec*, in which the Court considered whether a liability of the Cuban government could be imputed to its instrumentality, the Supreme Court held that the courts may disregard a foreign state instrumentality's separate legal personality where it "is so extensively controlled by its owner that a relationship of principal and agent is created," or when respecting the corporate form "would work fraud or injustice." *Bancec*, 462 U.S. at 629. In establishing this rule, the Supreme Court first performed a choice of law analysis and found that federal common law principles, rather than Cuban law, were required to be applied "to determine whether the instrumentality may be held liable for actions taken by the sovereign." *Id*. at 621. Notably, Bancec argued in the alternative that the law of the forum state (in that case, New York) should be applied, but the Supreme Court rejected that argument as well, holding that Section 1606 does not control questions concerning the imputation of liability between foreign states and their instrumentalities. Specifically, the Court held:

> Section 1606 provides that "[a]s to any claim for relief with respect to which a foreign state is not entitled to immunity ..., the foreign state shall be liable in the same manner and to the same extent as a private individual in like circumstances." Thus, where state law provides a rule of liability governing private individuals, the FSIA requires the application of that rule to foreign states in like circumstances. **The statute is silent, however, concerning the rule governing the attribution of liability among entities of a foreign state. In *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 425, 84 S.Ct. 923, 938, 11 L.Ed.2d 804 (1964), this Court declined to apply the State of New York's act of state doctrine in a diversity action between a United States national and an instrumentality of a foreign state, concluding that matters bearing on the nation's foreign relations "should not be left to divergent and perhaps parochial state interpretations." When it enacted the FSIA, Congress expressly acknowledged "the importance of developing a uniform body of law" concerning the amenability of a foreign sovereign to suit in United States courts.** H.R.Rep. No. 94–1487, p. 32. *See Verlinden B.V. v. Central Bank of Nigeria*, ––– U.S. ––––, ––––, 103 S.Ct. 1962, 1969, 75 L.Ed.2d 81 (1983). **In our view, these same considerations preclude the application of New York law here**.



May 5, 2022
Page Three

*Id*. at 622 n.11. Thus, the Supreme Court distinguished the issue of "attribution of liability among entities of a foreign state" from the issue of substantive liability, which might be governed by state law pursuant to Section 1606. Sovereign veil-piercing issues, the Court found, should not be subject to divergent state law interpretations, and must therefore be governed by federal common law. *Id*.

In sum, nothing in *Cassirer* purports to alter the analysis in *Bancec* or to breathe new life into the arguments that were expressly rejected in that case. *Cassirer* is not inconsistent with *Bancec*; it is inapposite and in no way calls into question this Court's and the Third Circuit's application of federal common law principles to the question of whether PDVSA is entitled to separate legal status from Venezuela.

Respectfully submitted,

/s/ R. Craig Martin_____
R. Craig Martin (DE Bar No. 005032)
DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
Tel: (302) 468-5655
Fax: (302) 778-7834
Craig.Martin@us.dlapiper.com

James E. Berger
Charlene C. Sun
Joshua S. Wan
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4715
Fax: (212) 884-8715
James.Berger@us.dlapiper.com
Charlene.Sun@us.dlapiper.com
Joshua.Wan@us.dlapiper.com

*Attorneys for Plaintiff*