# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| RUSORO MINING LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 21-mc-00481-LPS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING THE ISSUANCE OF A WRIT OF ATTACHMENT *FIERI FACIAS* AND A FINDING THAT REASONABLE TIME HAS PASSED TO <u>EXECUTE JUDGMENT PURSUANT TO 28 U.S.C. § 1610(C)</u>**

R. Craig Martin (DE Bar No. 005032)

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
Tel: (302) 468-5655
Fax: (302) 778-7834
*Craig.Martin@us.dlapiper.com*

James E. Berger
Charlene C. Sun
Joshua S. Wan

DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4715
Fax: (212) 884-8715
*James.Berger@us.dlapiper.com*
*Charlene.Sun@us.dlapiper.com*
*Joshua.Wan@us.dlapiper.com*

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

I. BACKGROUND ................................................................................................................. 2
II. ARGUMENT ...................................................................................................................... 3
III. CONCLUSION ................................................................................................................... 4

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Peninsula Advisors, LLC v. Fairstar Res. Ltd.*,
    C.A. No. 10-489-LPS, 2014 WL 491671 (D. Del. Feb. 5, 2014) ...............................................3

*Tax Analysts v. U.S. Dep't of Justice*,
    759 F. Supp. 28 (D.D.C. 1991), *aff'd*, 965 F.2d 1092 (D.C. Cir. 1992)....................................3

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    401 U.S. 321 (1971)....................................................................................................................3

Plaintiff and judgment creditor Rusoro Mining Limited ("Rusoro") respectfully submits this memorandum of points and authorities in support of its motion for leave to submit a supplemental declaration ("Motion to Supplement") in further support of its February 9, 2022 motion for an order: (i) finding, pursuant to Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA"), that a reasonable period of time has elapsed following the entry of a judgment in favor of Rusoro and against the Bolivarian Republic of Venezuela ("Venezuela") (the "Judgment") to permit execution in aid of the Judgment; (ii) finding that Petróleos de Venezuela, S.A. ("PDVSA"), the state-owned petroleum company of Venezuela, is an alter-ego of the Venezuelan state, and that the Judgment may be enforced against the shares of Delaware corporation PDV Holding Inc. ("PDVH"), which are owned by PDVSA; and (iii) authorizing the Clerk of Court to issue a writ of attachment *fieri facias* against the shares of PDVH ("Execution Motion").[1]

Pursuant to Local Rule 7.1.1, prior to filing this motion, counsel for Rusoro contacted counsel for PDVSA to ask if PDVSA would consent to the instant motion (and provided a copy of the proposed supplemental declaration appended as Exhibit A to the instant motion). Counsel for PDVSA responded that PDVSA does not oppose Rusoro's motion for leave to supplement the record with the recent Paris Court of Appeal decision. To date, Venezuela has not appeared in these proceedings.

Although the Execution Motion is currently held in abeyance pursuant to the Court's June 15, 2022 order, Rusoro respectfully submits this motion to timely apprise the Court of recent matters that relate to Rusoro's ongoing efforts to enforce the Judgment and which are directly

---

[1] On June 15, 2022, the Court granted the Execution Motion in part, holding that "pursuant to Section 1610(c) of the Foreign Sovereign Immunities Act, a reasonable time has elapsed following the entry of a judgment in favor of Rusoro and against the Bolivarian Republic of Venezuela, and yet Rusoro has not been paid." Dkt. No. 20. The Court further held that "[i]n all other respects, Rusoro's motion will be held in abeyance until further order of the Court." *Id*.

relevant to the Execution Motion.  A proposed supplemental declaration in further support of the Execution Motion is attached as Exhibit A to the Motion to Supplement.

## I. BACKGROUND

As discussed in the Execution Motion, Venezuela had previously sought to annul the Award in France, the seat of the arbitration.  On January 29, 2019, the Paris Court of Appeal partially annulled the damages portion of the Award, while upholding the arbitral tribunal's (the "Tribunal") finding on the merits that Venezuela had unlawfully expropriated Rusoro's investments.  On March 31, 2021, the French Supreme Court, the *Cour de Cassation*, reversed the decision of the Paris Court of Appeal annulling the damages portion of the Award, and reinstated the Award in full.

On June 1, 2021, Venezuela commenced another proceeding in the French courts through which it again sought to set aside the Award.  In this proceeding, Venezuela once again asserted that the Tribunal lacked jurisdiction over claims that fell outside of the three-year limitations period under the Canada-Venezuela bilateral investment treaty and had therefore exceeded its jurisdiction by awarding damages for breaches that fell outside of the limitations period.

On June 7, 2022, following briefing by the parties and a hearing held on April 19, 2022, the Paris Court of Appeal dismissed Venezuela's renewed bid to annul the Award, ruling that Venezuela's challenge based on the limitations period under the Canada-Venezuela bilateral investment treaty was a question of admissibility rather than jurisdiction, and therefore Venezuela's claim did not fall within the scope of the ground for annulment under French law based on lack of jurisdiction.  The Paris Court of Appeal's decision applied the reasoning of the *Cour de Cassation*, which had rejected the same jurisdictional challenge and as noted above, reinstated the Award in full in March 2021.

The Paris Court of Appeal likewise dismissed Venezuela's allegation that the Tribunal

2

violated the scope of its *ratione materiae* jurisdiction by awarding Rusoro compensation unrelated to the breaches of the Treaty as an improper attempt to seek judicial review of the merits of the claims.

The Paris Court of Appeal further dismissed Venezuela's challenge to the Award based on Rusoro's alleged failure to seek to settle the dispute before commencing arbitration proceedings, holding that such objection was not a valid challenge to the Tribunal's competence under Article 1520 of the Code of Civil Procedure.  The court held that failure comply with such negotiation period involved a question not of jurisdiction but of admissibility, which is not a ground for annulment under the Code of Civil Procedure.

Finally, with respect to damages, the court found that it was within the Tribunal's authority to use its chosen valuation methods to determine the fair market value of the investment.  The court further held that Venezuela's attempt to contest the accuracy of the Tribunal's damages assessment went to the merits of the dispute, and therefore was not a valid ground for annulment under French law.

## II.  ARGUMENT

Courts have discretion to allow parties to supplement the record of a case with relevant evidence that becomes available after the filing of earlier pleadings.  *See Peninsula Advisors, LLC v. Fairstar Res. Ltd.*, C.A. No. 10-489-LPS, 2014 WL 491671, at *3 n.3 (D. Del. Feb. 5, 2014) (granting motion to supplement record and discussing a court's "discretion to grant leave to supplement the record of a case" (citation omitted)); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331-32 (1971) ("Like a motion under Rule 15(a) to amend the pleadings, a motion to reopen to submit additional proof is addressed to [the court's] sound discretion."); *Tax Analysts v. U.S. Dep't of Justice*, 759 F. Supp. 28, 32 (D.D.C. 1991), *aff'd*, 965

F.2d 1092 (D.C. Cir. 1992) ("It is true that this Court often accepts supplemental filings provided to apprise the Court of new developments that arguably could affect the Court's decision.").

This recent development in the French courts is relevant to the Execution Motion, as it provides further evidence of the finality of both the Award and the Judgment. Despite Venezuela's repeated attempts to annul the Award at its seat, the French courts have now, for the third time, dismissed Venezuela's challenges as being without merit, and yet Venezuela continues to refuse to satisfy either the Award or the Judgment.

### III. CONCLUSION

For the foregoing reasons, Rusoro respectfully requests that this Court permit it to file the supplemental declaration, appended as Exhibit A to the Motion to Supplement, in further support of its Execution Motion, and further respectfully reiterates its request that the Court enter an order authorizing the Clerk of Court to issue a writ of attachment *fieri facias* against the shares of PDVH.

Dated: Wilmington, Delaware
July 11, 2022

Respectfully submitted,

*/s/ R. Craig Martin*
R. Craig Martin (DE Bar No. 005032)

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
Tel: (302) 468-5655
Fax: (302) 778-7834
Craig.Martin@us.dlapiper.com

James E. Berger
Charlene C. Sun
Joshua S. Wan

DLA Piper LLP (US)
1251 Avenue of the Americas

4

New York, NY 10020
Tel: (212) 335-4715
Fax: (212) 884-8715
James.Berger@us.dlapiper.com
Charlene.Sun@us.dlapiper.com
Joshua.Wan@us.dlapiper.com

*Attorneys for Plaintiff*