

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472.7300 • Fax: (302) 472.7320 • www.hegh.law

Direct Dial:   (302) 472-7312
Email:   anelson@hegh.law

August 8, 2022

**BY ELECTRONIC FILING**
The Honorable Leonard P. Stark
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

    Re:    *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*,
Misc. No. 20-257-LPS (D. Del.)

        and

*ACL1 Investments Ltd., et al. v. Bolivarian Republic of Venezuela*,
Misc. No. 21-0046-LPS (D. Del.)

        and

*Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*,
Misc. No. 21-00481-LPS (D. Del.)

Dear Judge Stark:

    We write on behalf of Petróleos de Venezuela, S.A. ("PDVSA") in response to the letters submitted by plaintiffs in the above-referenced actions.[1] Plaintiffs Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls") and ACL1 Investments Ltd. ("ACL1"), ACL2 Investments Ltd. ("ACL2"), and LDO (Cayman) XVIII Ltd. ("LDO" and together with ACL1 and ACL2, "ACL") request that the Court grant their motions for conditional writs of attachment. *See* Misc. No. 20-257-LPS, D.I. 64 (D. Del. July 29, 2022) ("Huntington Ingalls Letter"); Misc. No. 21-0046-LPS, D.I. 41 (D. Del. Aug. 1, 2022) ("ACL Letter"). For the reasons set forth below, Huntington Ingalls' and ACL's requests should be denied. Plaintiff Rusoro Mining Ltd. requests that the Court set a briefing schedule on its motion for a conditional writ of attachment. *See* Misc. No. 21-00481-LPS, D.I. 24 (D. Del. Aug. 4, 2022) ("Rusoro Letter"). PDVSA believes it would be a waste of judicial resources to brief Rusoro's motion at this time because, without an OFAC license that would empower the Court to issue and serve a writ of attachment, Rusoro's motion cannot be

---

[1]    PDVSA submits this letter while expressly preserving all of its rights and defenses, including its right to sovereign immunity under the Foreign Sovereign Immunities Act.



resolved at present and could require re-briefing at some future time when all the pertinent facts could be taken into account.

### I. Huntington Ingalls and ACL

Huntington Ingalls and ACL argue that resolution of their motions is necessary in order to provide "clarity on the law" by "resolv[ing] definitively the question of the pertinent time for determining whether Venezuela and PDVSA are alter egos." Huntington Ingalls Letter at 1; ACL Letter at 1. No such "clarity" is needed. This Court has already *held*—not "posited," *see* Huntington Ingalls Letter at 1—that the "pertinent time" for determining whether PDVSA is the alter ego of the Republic is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-151-LPS, 2021 WL 129803, at *6 (D. Del. Jan. 14. 2021). While plaintiffs may disagree with that ruling, their opportunity to challenge it is through an appeal to the Third Circuit, not through re-litigation of the issue in a letter to this Court.

In light of the governing "pertinent time" standard, as the Court acknowledged in its May 4, 2022 certification order, it remains "inefficient" and a "waste of judicial resources" to issue interim findings of fact on the alter ego issue at this time "where the alter ego issue will need to be revisited at a later date in any event." Misc. No. 20-257-LPS, D.I. 62 at 7 (D. Del. May 4, 2022). Nor can plaintiffs claim to suffer any prejudice as a result of the postponement of the alter ego determination, because, as the Court also noted, "no judgment creditor can obtain priority in the PDVH shares unless and until it obtains a specific license from OFAC or the sanctions regime materially changes." *Id.* at 6 n.3. Huntington Ingalls, ACL, OI European Group B.V. ("OIEG") (Misc. No. 19-290-LPS (D. Del.)) and Rusoro have no such license. Thus, their attachment motions should remain held in abeyance.[2]

To the extent that the Court is inclined to revisit its "pertinent time" ruling or to proceed in any fashion other than continuing to hold Huntington Ingalls' and ACL's attachment motions in abeyance, PDVSA respectfully requests that a briefing schedule be set so that its views can be formally presented.

### II. Rusoro

Briefing Rusoro's motion for a writ of attachment now suffers from the same inefficiencies that would accompany *deciding* such a motion now—the briefing would be based on facts *today*, as opposed to the facts in place at some future time when Rusoro may obtain an OFAC license that allows the issuance and service of any writ issued. PDVSA believes that briefing now is unnecessary and wasteful, and should await some future date when Rusoro can assess whether to amend its pleadings to reflect the facts the Court would need to review.

---

[2]   OIEG has not yet expressed its view as to whether it joins in Huntington Ingalls' and ACL's requests that the Court immediately grant their pending attachment motions.



The Honorable Leonard P. Stark
August 8, 2022
Page 3

      PDVSA does recognize, however, that, if briefed now, Rusoro's motion would be at the same procedural posture as similarly situated creditors Huntington Ingalls, ACL, and OIEG, and Rusoro could not claim to be at any procedural disadvantage.   Accordingly, if the Court orders Rusoro's attachment motion to be fully briefed, PDVSA respectfully requests that, after briefing is complete, the Court not issue interim findings of fact on the alter ego issue and instead continue to hold all four attachment motions – Huntington Ingalls', ACL's, OIEG's and Rusoro's – in abeyance, so that they can all be resolved on the same schedule.

      If the Court decides to set a briefing schedule for Rusoro's motion, PDVSA requests that its responsive papers be due four weeks after issuance of the Court's scheduling order.

                                      Respectfully submitted,

                                      */s/ Aaron M. Nelson*

                                      Aaron M. Nelson (#5941)
                                      *Counsel for Petróleos de Venezuela, S.A.*

AMN/ram
cc:   All Counsel of Record (via e-filing)