# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19-mc-290-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 20-mc-257-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 21-mc-46-LPS |
| RUSORO MINING LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 21-mc-481-LPS |

**JOINT OCTOBER 4, 2022 STATUS REPORT**

Pursuant to this Court's September 29, 2022 order (the "Order"), (1:19-mc-00290, D.I. 111; 1:20-mc-00257, D.I. 66; 1:21-mc-00046, D.I. 43; and 1:21-mc-00481, D.I. 27), directing the parties to file a joint status report by October 4, 2022, Plaintiffs (i) OI European Group B.V. ("OIEG"), (ii) Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"), (iii) ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL"), and (iv) Rusoro Mining Limited ("Rusoro"), and Defendants/Intervenors (as applicable) (i) Petróleos de Venezuela, S.A. ("PDVSA") and (ii) Bolivarian Republic of Venezuela (the "Republic," or "Venezuela") submit this joint status report addressing the next steps the Court should take in these proceedings.

**A.      OIEG's Position**

*Summary*.  For the reasons outlined below and in its prior submissions, OIEG requests that this Court enter findings of fact based on the April 30, 2021 hearing, and grant OIEG's pending motion for the conditional issuance of a writ of attachment *fieri facias*.  This can be done on the basis of the specific record materials cited below, without the need for additional briefing or hearings.

*Background*.  On November 4, 2019, OIEG moved for a writ of attachment *fieri facias* against the shares of PDV Holding, Inc. ("PDVH"), which are owned by PDVSA as an alter ego (at any and all relevant times) of the Republic, on the grounds that the Court's decision in *Crystallex International Corp. v. Bolivarian Republic of Venezuela ("Crystallex I")*, 333 F. Supp. 3d 380 (D. Del. 2018), *aff'd,* 932 F.3d 126 (3d Cir. 2019), collaterally estopped the Republic and PDVSA to deny that PDVSA is the alter ego of the Republic.  1:19-mc-00290, D.I. 2.  At the time

of the motion, no OFAC sanctions were in place that would have impeded a grant of the writ or perfection of a judgment lien by service of the writ.

On December 12, 2019, this Court determined that collateral estoppel did not apply because the "pertinent date" for the alter ego determination was different from that used in the *Crystallex* attachment proceeding. *Crystallex Int'l Corp. v. PDV Holding Inc.*, 2019 WL 6785504, at *8 (D. Del. Dec. 12, 2019). The Court subsequently indicated that the pertinent time is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 2021 WL 129803, at *6 (D. Del. Jan. 14, 2021).

During the pertinent time, as defined by the Court, OIEG has proven that PDVSA is the alter ego of the Republic. In February 2021, OIEG filed its amended motion seeking a writ of attachment *fieri facias* against the shares of PDVH. 1:19-mc-00290, D.I. 48. Its brief in support, 1:19-mc-00290, D.I. 49, contains an offer of proof showing that PDVSA continued to be the alter ego of the Venezuelan state at all potentially relevant times. *Id*. at 4-18. The offer of proof was overwhelming, supported by sworn declarations, 1:19-mc-00290, D.I. 50, 51, 78, 86, and 90, and was proven at an evidentiary hearing on April 30, 2021.

*Requested Relief.* The Court should promptly enter findings of fact with respect to OIEG's amended motion, and grant to OIEG conditional issuance of a writ of attachment *fieri facias*. All of the necessary record exists to permit this to occur promptly, and there is no need for further briefing or hearings to take place.

(i) *Findings of Fact.*

The Court may and should enter findings of fact as set forth in OIEG's offer of proof, *see* 1:19-mc-00290, D.I. 49 at 4-18. As this Court has previously expressed, utility and efficiency are

served by entering findings of fact even if those findings are to (potentially) be used for future relief. *See Crystallex*, 2021 WL 129803, at *8 ("any creditor may be able to find support (perhaps strong support) in the record created in the *Crystallex Asset Proceeding* and the finding reached (and affirmed) there."). The litigants have a compelling equitable interest in such fact-finding, in light of the considerable expense undertaken in the preparation and presentation of evidence at the April 30, 2021 hearing.

> (ii) *Grant of the Conditional Order.*

The Court should also hold that, as a matter of law, the factual record warrants a finding that PDVSA is, for purposes of OIEG's attachment motion, the alter ego of the Republic such that a conditional writ of attachment may be issued in favor of OIEG. Any concern or suggestion that circumstances *might* materially change between the issuance of its order and relief from OFAC sanctions is best addressed by the Republic and/or PDVSA – at the time OFAC sanctions are lifted or a license is granted – showing cause (under Fed. R. Civ. P. 60(b)) why the Court should quash the writ or grant such other relief. As this Court has previously made clear, at a minimum the question is whether or not the alter ego status exists "at this time" – not tomorrow. *See Crystallex*, 2021 WL 129803, at *6 n.16.

OIEG's requested relief would be fully consistent with this Court's prior practice of making alter ego findings even when the issuance and service of a writ was expressly conditioned on further briefing and court order(s). *See Crystallex I*, 333 F.Supp.3d at 425-26 ("By its decision today, the Court is holding that it will, after conferring further with the parties about additional details, direct the Clerk of the Court to issue to Crystallex a writ, which Crystallex will then have the opportunity to serve and attach to PDVSA's property in Delaware . . . . The Clerk of Court is directed **not** to issue the writ of attachment until after the Court issues an additional Order

4

following its review of the forthcoming status report."). After a full day evidentiary hearing and a significant record in front of it, judicial economy would not be served by further delaying a ruling on the record before the Court or requiring additional briefing or hearings. OIEG submits that additional delay would be inequitable given the length of time that has passed since OIEG first sought its original attachment – in that time, other creditors have subsequently *obtained* conditional writs of attachment, *see Phillips Petroleum Company Venezuela, et. al. v. Petroleos de Venezuela, S.A., et. al.*, Case No. 19-mc-342 (LPS); *Red Tree Investments, LLC v. Petroleos de Venezuela, et. al.*, Case Nos. 22-mc-68 (LPS), 22-mc-69 (LPS), and others have been able to reach OIEG's current procedural status even though their attachment motions were filed long after OIEG's motions were briefed *and* subjected to a lengthy evidentiary hearing. *See*, *e.g.*, *ACL1 Investments Ltd., et. al. v. Bolivarian Republic of Venezuela*, Case No. 21-mc-46 (LPS); *Rusoro Mining Limited v. Bolivarian Republic of Venezuela*, Case No. 21-mc-481 (LPS).[1]

**B.      Huntington Ingalls' Position**

Huntington Ingalls also asks that the Court rule now on its pending Amended Motion to Attach. Briefing is completed and an evidentiary hearing was held, equipping the Court with the record necessary to make its determination. As further noted by OIEG, the alter ego analysis does not require updating the evidentiary record or holding another hearing. Indeed, the Court should look to PDVSA's alter ego status at the time Venezuela's liability accrued, which for Huntington Ingalls would be the date of the underlying award in February 2018.

---

[1] This Court's recent order requiring the Special Master in the Crystallex attachment proceeding to file a proposed final sale procedures order further supports OIEG's request for a conditional writ of attachment to be entered without further delay. As noted in the proposed final sale procedures order, the sale process contemplates "Additional Judgments" being included in the sale process, see *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Case No. 17-mc-151 (D. Del. Aug. 5, 2022) [D.I. 472-1] at ¶ 30 – having finality in this attachment proceeding is therefore a necessary predicate to a successful marketing and sale process.

### C.  ACL's Position

ACL respectfully submits that the Court should resolve ACL's motion for an order conditionally authorizing a writ of attachment (Misc. No. 21-46 D.I. 2).  No further briefs or other proceedings on the motion are necessary.  The briefs and supporting documentation already filed are sufficient to decide the motion at this time.  ACL further notes its agreement that resolution of the attachment motions at issue in this status report may facilitate the sale procedures contemplated in the *Crystallex* case (Misc. No. 17-151).

### D.  Rusoro's Position

Rusoro respectfully requests that the Court rule on its pending attachment motion following the completion of briefing, which Rusoro intends to complete in accordance with the briefing schedule set by the Court in the September 29, 2022 Order.  Completion of briefing on Rusoro's motion would put Rusoro at procedural parity with Venezuela's other creditors in the above captioned proceedings, each of whom obtained its judgment later in time than Rusoro.

Furthermore, Rusoro agrees with Huntington Ingalls' position that the Court should look to PDVSA's alter ego status at the time Venezuela's liability accrued, which in Rusoro's case, is at the latest, August 22, 2016, the date of the underlying award, or alternatively March 1, 2018, the date that the award was recognized and confirmed by the United States District Court for the District of Columbia.

However, in light of the Court's prior conclusion that the "pertinent time" for the purposes of determining whether PDVSA is Venezuela's alter ego is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ," *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-151-LPS, 2021 WL 129803, at *6 (D. Del. Jan. 14, 2021), and the fact that over 17 months have elapsed since the last evidentiary hearing on the alter ego issue was held, Rusoro understands that this Court may wish

to hold another hearing prior to rendering findings of fact with respect to the various pending attachment motions.[2] To the extent the Court deems a further evidentiary hearing necessary, in the interest of judicial economy, the Court should schedule a hearing following the completion of briefing on Rusoro's motion so that the various creditors' pending motions may be heard together given the near total identity of the facts and issues presented under each motion.

E.     **PDVSA's Position**[3]

PDVSA's position remains that the Court should not issue interim findings of fact on the alter ego issue at this time, because none of the plaintiffs has the requisite OFAC license that would empower the Court to issue and serve a writ of attachment. *See* Misc. No. 20-257, D.I. 65 at 2-3. Nor can plaintiffs claim to suffer any prejudice as a result of the postponement of the alter ego determination, because, as the Court previously noted, "no judgment creditor can obtain priority in the PDVH shares unless and until it obtains a specific license from OFAC or the sanctions regime materially changes." *Id.*, D.I. 62 at 6 n.3.

However, PDVSA acknowledges the Court's statement in its September 29, 2022 Memorandum Order that "it is appropriate at this time for the above-captioned matters to proceed and for the Court to resume its consideration of the pending attachment motions . . . ." Misc. No. 19-290-LPS, D.I. 116 at 3. To the extent that the Court is inclined to resolve the pending attachment motions, PDVSA's position is that the motions filed by OIEG, Huntington Ingalls, ACL and Rusoro should all be resolved on the same schedule. The Court has set a briefing

---

[2]     *See OI Eur. Grp. BV v. Bolivarian Republic of Venez.*, 19-mc-290-LPS, D.I. 109 (D. Del. March 2, 2022), Opinion at 27 ("Even though OIEG and Huntington Ingalls already had a chance in April 2021 to offer evidence regarding PDVSA's status as the Republic's alter ego at that time, another evidentiary hearing may be necessary for the Court to consider any further developments before the end of the relevant time period.").

[3]     PDVSA submits this joint status report while expressly preserving all of its rights and defenses, including its right to sovereign immunity under the Foreign Sovereign Immunities Act.

schedule on Rusoro's attachment motion such that the motion will be fully briefed by November 14, 2022.  Given the substantial overlap in the motions filed by these four similarly situated creditors of Venezuela, PDVSA submits that it would be most efficient to resolve the motions on the same schedule.

Once Rusoro's motion has been fully briefed, PDVSA's position, subject to the paragraph below, is that the four pending motions can be decided without further briefing or proceedings in light of the extensive briefing and evidentiary hearing held in April 2021.  As PDVSA explained in its previously-filed briefs, plaintiffs have not carried, and cannot carry, their burdens of establishing an alter ego relationship between the government of Interim President Juan Guaidó, the only legitimate Venezuelan government recognized by the United States, and PDVSA as managed by the *ad hoc* board, the only duly appointed directors of PDVSA as far as the United States is concerned.  For these reasons, and the reasons set forth in PDVSA's briefs, the Court should dismiss the attachment motions for lack of subject matter jurisdiction under the FSIA.

In its position in this Joint Status Report, Huntington Ingalls suggests that when assessing the relationship between PDVSA and Venezuela, the Court should look to the time that Venezuela's liability accrued.  Not so.  As this Court has held, the "pertinent time" for determining whether PDVSA is Venezuela's alter ego is "the period between the filing of the motion seeking a writ of attachment and the subsequent issuance and service of that writ."  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-151-LPS, 2021 WL 129803, at *6 (D. Del. Jan. 15, 2021).  The time of Venezuela's liability is irrelevant.  However, to the extent that the Court is inclined to revisit its "pertinent time" ruling as it relates to any of the cases covered by this Joint Status Report—and it should not—PDVSA respectfully requests that a briefing schedule be set so that its views can be formally presented.

F.     **Republic's Position**

The Republic concurs with the position expressed by PDVSA.

*     *     *

The parties are available at the Court's convenience should Your Honor have any questions.

Dated: October 4, 2022                                                                    Respectfully Submitted,

| HEYMAN ENERIO<br>GATTUSO & HIRZEL LLP<br><br>By: */s/ Samuel T. Hirzel*<br>Samuel T. Hirzel (#4415)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>Telephone: 302-472-7300<br>SHirzel@hegh.law<br><br><br>CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP<br>Joseph D. Pizzurro<br>Julia B. Mosse<br>Kevin A. Meehan<br>Juan O. Perla<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: 212-696-6000<br>jpizzurro@curtis.com<br>jmosse@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com<br><br>*Attorneys for Petróleos de Venezuela, S.A.* | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: */s/ Jody C. Barillare*<br>Jody C. Barillare (#5107)<br>1201 N.Market St., Suite 2201<br>Wilmington, DE 19801<br>Telephone: 302-574-3000<br>Facsimile: 302-574-3001<br>jody.barillare@morganlewis.com<br><br> - and -<br><br>Sabin Willett (*pro hac vice*)<br>Jonathan Albano (*pro hac vice*)<br>Christopher L. Carter (*pro hac vice*)<br>One Federal Street<br>Boston MA 02110<br>Telephone: 617-341-7700<br>Facsimile: 617-341-7701<br>sabin.willett@morganlewis.com<br>jonathan.albano@morganlewis.com<br>christopher.carter@morganlewis.com<br><br>SEQUOR LAW, P.A.<br>Edward H. Davis, Jr. (*pro hac vice*)<br>Fernando J. Menendez (*pro hac vice*)<br>111 Brickell Ave., Suite 1250<br>Miami, FL 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>edavis@sequorlaw.com<br>fmenendez@sequorlaw.com<br><br>*Attorneys for OI European Group B.V.* |
|---|---|

9

| | |
|---|---|
| ABRAMS & BAYLISS LLP<br><br>By: */s/ A. Thompson Bayliss*<br>A. Thompson Bayliss (#4379)<br>Stephen C. Childs (#6711)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE  19807<br>Telephone: 302-778-1000<br>bayliss@abramsbayliss.com<br>childs@abramsbayliss.com<br><br>SULLIVAN & CROMWELL LLP<br>Sergio J. Galvis<br>Joseph E. Neuhaus (*pro hac vice*)<br>James L. Bromley (*pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: 212-558-4000<br>Facsimile: 212-558-3588<br>galvis@sullcrom.com<br>neuhausj@sullcrom.com<br>bromleyj@sullcrom.com<br><br>*Attorneys for the Bolivarian Republic of Venezuela* | PACHULSKI STANG<br>ZIEHL & JONES, LLP<br><br>By: */s/ Laura Davis Jones*<br>Laura Davis Jones (#2436)<br>Peter J. Keane (#5503)<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705<br>Telephone: 302-652-4100<br>ljones@pszjlaw.com<br>pkeane@pszjlaw.com<br><br><br>ALSTON & BIRD LLP<br>Alexander A. Yanos (*pro hac vice*)<br>Rajat Rana (*pro hac vice*)<br>Robert Poole (*pro hac vice*)<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Telephone: 212-210-9400<br>alex.yanos@alston.com<br>rajat.rana@alston.com<br>robert.poole@alston.com<br><br>*Attorneys for Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated* |

| | |
|---|---|
| DLA Piper LLP (US)<br><br>By: */s/ Craig Martin*<br>R. Craig Martin (#005032)<br>1201 North Market Street<br>Suite 2100<br>Wilmington, DE 19801<br>Telephone: 302-468-5655<br>Fax: 302-778-7834<br>craig.martin@us.dlapiper.com<br><br> - and -<br><br>James E. Berger<br>Charlene C. Sun<br>Joshua S. Wan<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212-335-4715<br>Fax: 212-884-8715<br>James.berger@us.dlapiper.com<br>Charlene.sun@us.dlapiper.com<br>Joshua.wan@us.dlapiper.com<br><br>*Attorneys for Rusoro Mining Limited* | ASHBY & GEDDES<br><br>By: */s/ Marie M. Degnan*<br>Marie M. Degnan (#5602)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>mdegnan@ashbygeddes.com<br><br><br>RILEY & JACOBSON, PLC<br>Joshua S. Bolian<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>Telephone: 615-320-3700<br>jbolian@rjfirm.com<br><br>*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd. and LDO (Cayman) XVIII Ltd.* |

11