## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OI EUROPEAN GROUP B.V., <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19-mc-290-LPS |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE MINISTRY OF DEFENSE OF THE REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 20-mc-257-LPS |
| ACL1 INVESTMENTS LTD., ACL2 INVESTMENTS LTD., and LDO (CAYMAN) XVIII LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 21-mc-46-LPS |
| RUSORO MINING LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 21-mc-481-LPS |

**JOINT OCTOBER 13, 2022 STATUS REPORT**

Pursuant to this Court's October 11, 2022 order (the "Order"), (1:19-mc-00290, D.I. 118; 1:20-mc-00257, D.I. 68; 1:21-mc-00046, D.I. 45; and 1:21-mc-00481, D.I. 29), directing the parties to file a joint status report by October 13, 2022, Plaintiffs (i) OI European Group B.V. ("OIEG"), (ii) Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc., and now known as Huntington Ingalls Incorporated ("Huntington Ingalls"), (iii) ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. (collectively, "ACL"), and (iv) Rusoro Mining Limited ("Rusoro"), and Defendants/Intervenors (as applicable) (i) Petróleos de Venezuela, S.A. ("PDVSA") and (ii) Bolivarian Republic of Venezuela (the "Republic," or "Venezuela") submit this joint status report in response to the Court's request for confirmation that no party believes or will argue, in these proceedings or any other, that, between the date of the evidentiary proceedings the Court held in April 2021 and today, there has been any material change to any fact relevant to factual determination(s) the Court must make with respect to the pending alter-ego issues.

### A. OIEG's Position

OIEG confirms that it does not believe, and will not argue, that, between the date of the evidentiary proceedings the Court held in April 2021 and today, there have been any material changes to any fact relevant to the factual determination(s) the Court must make with respect to the pending alter ego issues. During any relevant pertinent time – whether the time of the harm, award, judgment, filing of the attachment motion(s) or today – PDVSA continued to be the alter ego of Venezuela for purposes of this proceeding. For the reasons stated in its prior submissions, OIEG requests that this Court enter findings of fact based on the April 30, 2021 hearing, and grant OIEG's pending motion for the conditional issuance of a writ of attachment *fieri facias*. This can

be done on the basis of the record before this Court without the need for additional briefing or hearing.

### B. Huntington Ingalls' Position

Huntington Ingalls confirms that it does not believe, and it will not argue, that any material change of facts have occurred since the April 2021 evidentiary hearing on PDVSA's alter ego status. Furthermore, Huntington Ingalls does not believe that further briefing on PDVSA's alter ego status would be required even if the Court were to find a material change had occurred since April of 2021. The Court should analyze PDVSA's alter ego status at the time that Venezuela incurred liability.[1] Specific to Huntington Ingalls's claim, that would be February of 2018—the date of the underlying arbitration award. Huntington Ingalls accordingly requests that this Court reaffirm and apply its 2018 alter ego findings from the parallel *Crystallex* proceedings. Otherwise, the Court should enter findings of fact based on the April 30, 2021, hearing. Either way, the conclusion is the same: PDVSA has been, and continues to be, an alter ego of Venezuela. As such, the Court should grant Huntington Ingalls's pending amended motion for the conditional issuance of a writ of attachment *fieri facias*. *See* 1:20-mc-257-LPS, D.I. 25 (amended motion for writ of attachment *fieri facias*), 54-1 (revised proposed order).

### C. ACL's Position

Based on the information available to it, ACL confirms that it does not believe, and it will not argue, in these proceedings or any other, that between April 30, 2021, and today, there has been any material change to any fact relevant to the factual determinations the Court must make with respect to the pending alter-ego issues.

---

[1] While Huntington Ingalls does not believe that any additional briefing is warranted to address any material changes to the relationship between Venezuela and PDVSA since April of 2021, it is willing to engage in expedited briefing on the question of the pertinent time to analyze that relationship.

### D. Rusoro's Position

Rusoro confirms that it does not believe, and will not argue, that any material change of facts has occurred since the evidentiary hearing in April 2021. Rusoro notes that its Motion for an Order Authorizing the Issuance of a Writ of Attachment *Fieri Facias*, which it filed on February 9, 2022, proffered certain documentary evidence that post-dates the April 2021 evidentiary hearing. While Rusoro believes that this post-April 2021 evidence is pertinent, it submits that such evidence is essentially cumulative and does not believe that the post-April 2021 evidence results in a "material change" in the factual record such that its introduction is necessary to the Court's alter ego determination. To the extent the Court were to consider this additional evidence, Rusoro submits that the post-April 2021 evidence would only further demonstrate that PDVSA has been at all relevant times, and continues to be, an alter ego of Venezuela.

Rusoro further agrees with Huntington Ingalls' position that the Court should analyze PDVSA's alter ego status at the time that Venezuela's liability accrued, which in Rusoro's case, is at the latest, August 22, 2016, the date of the underlying award, or alternatively March 1, 2018, the date that the award was recognized and confirmed by the United States District Court for the District of Columbia, and underscores its view that PDVSA was, as the Court has already found, Venezuela's alter ego at each of these material times, and has been continuously since.

### E. PDVSA's Position

Based on the information available to it, PDVSA confirms that it does not believe and will not argue, in these proceedings or any other, that, between the date of the evidentiary proceedings the Court held in April 2021 and today, there has been any material change to any fact relevant to the factual determination(s) the Court must make with respect to the pending alter-ego issues regarding the relationship between PDVSA and Venezuela. Nothing in this statement should be

4

construed as a waiver of PDVSA's right to defend against or respond to new allegations concerning the relationship between PDVSA and Venezuela in future filings or proceedings.

Certain plaintiffs continue to raise arguments related to the "pertinent time" for assessing the alter-ego relationship between PDVSA and Venezuela. To the extent that the Court is inclined to revisit its "pertinent time" ruling as it relates to any of the above-referenced cases—and it should not—PDVSA respectfully requests that a briefing schedule be set so that its views can be formally presented.

### F. Republic's Position

The Republic concurs with the position expressed by PDVSA.

\* \* \*

The parties are available at the Court's convenience should Your Honor have any questions.

Dated: October 13, 2022                                        Respectfully Submitted,

| HEYMAN ENERIO GATTUSO & HIRZEL LLP<br><br>By: /s/ Samuel T. Hirzel<br>Samuel T. Hirzel (#4415)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>Telephone: 302-472-7300<br>SHirzel@hegh.law<br><br><br>CURTIS, MALLET-PREVOST, COLT & MOSLE LLP<br>Joseph D. Pizzurro<br>Julia B. Mosse<br>Kevin A. Meehan<br>Juan O. Perla<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: 212-696-6000<br>jpizzurro@curtis.com<br>jmosse@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com<br><br>*Attorneys for Petróleos de Venezuela, S.A.* | MORGAN, LEWIS & BOCKIUS LLP<br><br>By: /s/ Jody C. Barillare<br>Jody C. Barillare (#5107)<br>1201 N.Market St., Suite 2201<br>Wilmington, DE 19801<br>Telephone: 302-574-3000<br>Facsimile: 302-574-3001<br>jody.barillare@morganlewis.com<br><br> - and -<br><br>Sabin Willett (*pro hac vice*)<br>Jonathan Albano (*pro hac vice*)<br>Christopher L. Carter (*pro hac vice*)<br>One Federal Street<br>Boston MA 02110<br>Telephone: 617-341-7700<br>Facsimile: 617-341-7701<br>sabin.willett@morganlewis.com<br>jonathan.albano@morganlewis.com<br>christopher.carter@morganlewis.com<br><br><br>SEQUOR LAW, P.A.<br>Edward H. Davis, Jr. (*pro hac vice*)<br>Fernando J. Menendez (*pro hac vice*)<br>111 Brickell Ave., Suite 1250<br>Miami, FL 33131<br>Telephone: 305-372-8282<br>Facsimile: 305-372-8202<br>edavis@sequorlaw.com<br>fmenendez@sequorlaw.com<br><br>*Attorneys for OI European Group B.V.* |
| ABRAMS & BAYLISS LLP<br><br>By: /s/ A. Thompson Bayliss<br>A. Thompson Bayliss (#4379)<br>Stephen C. Childs (#6711)<br>20 Montchanin Road, Suite 200<br>Wilmington, DE 19807<br>Telephone: 302-778-1000<br>bayliss@abramsbayliss.com | PACHULSKI STANG ZIEHL & JONES, LLP<br><br>By: /s/ Laura Davis Jones<br>Laura Davis Jones (#2436)<br>Peter J. Keane (#5503)<br>919 North Market Street, Suite 1600<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 |

6

| | |
|---|---|
| childs@abramsbayliss.com<br><br>SULLIVAN & CROMWELL LLP<br>Sergio J. Galvis<br>Joseph E. Neuhaus (*pro hac vice*)<br>James L. Bromley (*pro hac vice*)<br>125 Broad Street<br>New York, New York 10004<br>Telephone: 212-558-4000<br>Facsimile: 212-558-3588<br>galvis@sullcrom.com<br>neuhausj@sullcrom.com<br>bromleyj@sullcrom.com<br><br>*Attorneys for the Bolivarian Republic of Venezuela* | Telephone: 302-652-4100<br>ljones@pszjlaw.com<br>pkeane@pszjlaw.com<br>ALSTON & BIRD LLP<br>Alexander A. Yanos (*pro hac vice*)<br>Rajat Rana (*pro hac vice*)<br>Robert Poole (*pro hac vice*)<br>90 Park Avenue, 15th Floor<br>New York, NY 10016-1387<br>Telephone: 212-210-9400<br>alex.yanos@alston.com<br>rajat.rana@alston.com<br>robert.poole@alston.com<br><br>*Attorneys for Northrop Grumman Ship Systems, Inc., f/k/a Ingalls Shipbuilding, Inc. and now known as Huntington Ingalls Incorporated* |
| DLA Piper LLP (US)<br><br>By: /s/ R. Craig Martin<br>R. Craig Martin (#005032)<br>1201 North Market Street<br>Suite 2100<br>Wilmington, DE 19801<br>Telephone: 302-468-5655<br>Fax: 302-778-7834<br>craig.martin@us.dlapiper.com<br><br> - and -<br><br>James E. Berger<br>Charlene C. Sun<br>Joshua S. Wan<br>1251 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212-335-4715<br>Fax: 212-884-8715<br>James.berger@us.dlapiper.com<br>Charlene.sun@us.dlapiper.com<br>Joshua.wan@us.dlapiper.com<br><br>*Attorneys for Rusoro Mining Limited* | ASHBY & GEDDES<br><br>By: /s/ Marie M. Degnan<br>Marie M. Degnan (#5602)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>Telephone: 302-654-1888<br>mdegnan@ashbygeddes.com<br><br>RILEY & JACOBSON, PLC<br>Joshua S. Bolian<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>Telephone: 615-320-3700<br>jbolian@rjfirm.com<br><br>*Attorneys for ACL1 Investments Ltd., ACL2 Investments Ltd. and LDO (Cayman) XVIII Ltd.* |