UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| RUSORO MINING LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>    Defendant. | Case No. 21-mc-00481-LPS |

# PLAINTIFF RUSORO MINING LIMITED'S BRIEF ON PRIORITY ISSUES

R. Craig Martin (DE Bar No. 005032)

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
Tel: (302) 468-5655
Fax: (302) 778-7834
*Craig.Martin@us.dlapiper.com*

James E. Berger *(pro hac vice)*
Charlene C. Sun *(pro hac vice)*
John Canoni
Joshua S. Wan
Charlotte M. Westbrook

DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 335-4715
Fax: (212) 884-8715
*James.Berger@us.dlapiper.com*
*Charlene.Sun@us.dlapiper.com*
*John.Canoni@us.dlapiper.com*
*Joshua.Wan@us.dlapiper.com*
*Charlotte.Westbrook@us.dlapiper.com*

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

Page

I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................ 2

    A. Current Creditors of Venezuela and PDVSA .......................................................... 2

    B. The OFAC License .................................................................................................. 3

II. ARGUMENT ........................................................................................................................ 4

    A. Creditors Currently Holding Writs of Attachment Against the PDVH Shares Should Have Their Judgments Designated as "Additional Judgments" ........................................................................................................ 4

    B. The Court Should Convert All Conditional Writs of Attachment Against the PDVH Shares Into Unconditional Writs of Attachment .................................. 5

    C. Under Delaware Law, Priority of Liens is Established by Actual Levy ................. 6

    D. Ordering Priority By Date of Writ of Attachment Preserves Priority for Crystallex and ConocoPhillips .......................................................................... 9

    E. Judgment Creditors who Received Writs on the Same Day Should be Treated Equally ....................................................................................................... 9

    F. Judgment Creditors Who Received Their Writs Subsequently Should Have Lower Priority .............................................................................................. 10

II. CONCLUSION ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Consol. Container Carriers, Inc.*,
   385 F.2d 362 (3d Cir. 1967) ................................................................................................... 6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*,
   C.A. No. 17-mc-151-LPS, 2021 WL 129803 (D. Del. Jan. 14, 2021) ............................. 3-6, 9

*Gold Reserve Inc. v. Bolivarian Republic Of Venezuela*,
   22-mc-453 (D. Del.), D.I. 27 (Mar. 31, 2023) ......................................................................... 5

*In re Kiwi Int'l Air Lines, Inc.*,
   344 F.3d 311 (3d Cir. 2003) ................................................................................................. 10

*Koch Minerals Sàrl et al v. Bolivarian Republic Of Venezuela*,
   22-mc-156 (D. Del.), D.I. 21 (Mar. 31, 2023) ......................................................................... 5

*In re Nortel Networks, Inc.*,
   532 B.R. 494 (Bankr. D. Del. 2015) ....................................................................................... 8

*OI European Grp. B.V. v. Bolivarian Republic of Venezuela*,
   Misc. No. 19-290-LPS, 2022 WL 611563 (D. Del. Mar. 2, 2022) ..................................... 7, 9

**Statutes**

10 Del. C. § 5081 ........................................................................................................... 4, 6, 7

**Other Authorities**

2 Victor B. Woolley, Woolley's Practice in Civil Actions and Proceedings in the
   Law Courts of the State of Delaware (1906), § 1014 .............................................................. 7

Plaintiff and judgment creditor Rusoro Mining Limited ("Rusoro") respectfully submits this brief in support of its positions on the issues set forth in this Court's May 10, 2023 Memorandum Order, D.I. 59 (the "May 10 Order"), specifically: (a) "which, if any, judgments should be regarded as "Additional Judgments" under the Sale Procedures Order entered in the Crystallex Action"; (b) "should the Court issue full, unconditional orders of attachments (including by converting conditional grants) to any creditors," and "[i]f yes, should the Court direct service of any such orders of attachment"; and (c) "how should the Court determine priority of any judgments that are made Additional Judgments?" *Id* at 2. Rusoro submits this brief as a party whose "rights or interests" may be impacted by this action, in accordance with the Court's invitation to do so in its May 10 Order. *See id* at 1.

Rusoro's position on these issues, set out in more detail below, is as follows:

- Any judgment held by a creditor who has obtained a conditional writ of attachment *fieri facias* against the shares of Delaware corporation PDV Holding Inc. ("PDVH"), including Rusoro, should be added forthwith as an "Additional Judgment" within the meaning of the Sale Procedures Order.

- With respect to the Court's issuance of full, unconditional orders of attachment to any creditors, the specific license issued by OFAC to this Court on May 1, 2023, permits the Court to take this step, and the Court should do so with respect to any creditor that currently holds a conditional writ of attachment. If the Court takes such action, it should do so in a manner that will permit service of those orders of attachment in accordance with the order of priority proposed below.

- With respect to the priority to be accorded to judgment creditors currently holding writs of attachment *fieri facias* against the shares of PDVH, Delaware law is clear that priority of liens is determined by the date the writ of execution is delivered to the sheriff (or, in this case, the U.S. Marshal). The only creditor among those currently seeking to attach the shares of PDVH that has accomplished this to date is Crystallex International Corporation ("Crystallex"). Rusoro acknowledges that Crystallex, therefore, has first priority. With respect to the remaining creditors, an order permitting each of them to serve their writs on the Marshal without further guidance would likely result in a race to the Marshal's office, and likely lead to arbitrary results. Accordingly, Rusoro respectfully submits that the Court should issue an order providing for service on the writs on the Marshal in a sequential manner that would result in priority to be established in accordance with the

1

following table. Parties holding equal priority with one another would, to the extent the sale proceeds are insufficient to pay all members holding the same priority number the full amount of their judgment, share the proceeds ratably based on the size of their judgment.

| Priority No. | Creditor | Date of Writ of Execution |
|---|---|---|
| 1 | Phillips Petroleum Company Venezuela Limited | March 2, 2022 |
| 2 | Red Tree Investments, LLC | April 28, 2022 |
| 3 | Conocophillips Gulf of Paria B.V. | October 24, 2022 |
| 4 | Siemens Energy, Inc. | December 12, 2022 |
| 5 | OI European Group B.V. | March 23, 2023 |
| 5 | Northrop Grumman Ship Systems, Inc. | March 23, 2023 |
| 5 | ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. | March 23, 2023 |
| 5 | Rusoro Mining Ltd. | March 23, 2023 |
| 6 | Gold Reserve, Inc. | March 31, 2023 |
| 6 | Koch Minerals Sàrl and Koch Nitrogen International Sàrl | March 31, 2023 |

I.   **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

   A.   **Current Creditors of Venezuela and PDVSA**

As this Court is aware, there are ten judgment creditors of Venezuela or PDVSA presently seeking to execute upon the PDVH shares. Rusoro's Judgment predates all but one of these judgments, as reflected in the table below.

| No. | Case Name | Date of Award | Date of Judgment | Gross Amount[1] |
|---|---|---|---|---|
| 1 | *Crystallex International Corporation v. Bolivarian Republic Venez.* | April 4, 2016 | April 7, 2017 (D.D.C.) | $1.2 billion |

---

[1] This amount is exclusive of interest and does not reflect any partial satisfactions of judgments. It is Rusoro's understanding that several of the judgment creditors have collected significant amounts of their respective judgments, either by way of partial settlement or execution in other jurisdictions. Rusoro has not been able to collect anything in connection with its judgment.

| No. | Case Name | Date of Award | Date of Judgment | Gross Amount[1] |
|---|---|---|---|---|
| 2 | *Rusoro Mining Ltd. v. Bolivarian Rep. of Venez.* | August 22, 2016 | March 2, 2018 (D.D.C.) | $967.7 million |
| 3 | *Phillips Petroleum Company Venezuela Limited v. Petroleos de Venezuela, S.A.* | April 24, 2018 | August 22, 2018 (S.D.N.Y.) | $2 billion |
| 4 | *Tidewater Investment SRL, et al. v. Bolivarian Republic of Venez.* | March 13, 2015 | January 25, 2019 (D.D.C.) | $46.6 million |
| 5 | *OI European Group B.V v. Bolivarian Republic of Venez.* | March 10, 2015 | May 21, 2019 (D.D.C.) | $372.5 million |
| 6 | *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venez.* | February 19, 2018 | June 4, 2020 (S.D. Miss.) | $138 million |
| 7 | *Conocophillips Gulf of Paria B.V. v. Corporación Venezolana Del Petróleo, S.A. et al* | July 29, 2019 | December 3, 2020 (S.D.N.Y.) | $48 million |
| 8 | *ACL1 Investments, Ltd., et al. v. Bolivarian Republic of Venez.* | N/A | December 7, 2020 (S.D.N.Y.) | $118 million |
| 9 | *Siemens Energy, Inc. (fka Dresser-Rand Company) v. Petróleos De Venezuela, S.A.* | N/A | December 9, 2021 (S.D.N.Y.) | $166 million |
| 10 | *Red Tree Investments, LLC v. Petróleos de Venezuela, S.A.* | N/A | January 6, 2022 (S.D.N.Y.) | $246.3 million |

### B.     The OFAC License

On May 1, 2023, this Court received a specific license from OFAC (the "License") permitting the Court to "engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias* for any party named an 'Additional Judgment Creditor' by the Court pursuant to the Sale Procedures Order related to [*Crystallex*]." D.I. 55 at 8.  The License does not authorize, *inter alia*, the "entry of any judgment or order that effects a transfer of property which is blocked pursuant to any Executive order, statute, or Chapter V of Title 31 of the C.F.R."  *Id*.  The License expires on May 31, 2025 and may be revoked or modified at any time.  *Id* at 7.  Importantly, however, the License permits the Court to make the

3

un-levied writs it has Issued to date unconditional and to authorize (a) service of those writs on the U.S. Marshal, and (b) levy of those writs by the U.S. Marshal. Under Delaware law, a lien is created upon delivery of the writ to the sheriff (here, the U.S. Marshal). *See* 10 Del. C. § 5081. Accordingly, the Court can establish priority among the respective judgment creditors by issuing an order directing delivery of the writs to the U.S. Marshal in a specific sequence. Rusoro respectfully submits that this is what the Court should do.

## II. ARGUMENT

### A. Creditors Currently Holding Writs of Attachment Against the PDVH Shares Should Have Their Judgments Designated as "Additional Judgments"

Pursuant to this Court's Sixth Revised Sale Procedures Order, *see Crystallex International Corporation v. Bolivarian Republic of Venezuela*, Case No. 17-mc-151-LPS (D. Del.) ("*Crystallex*"), D.I. 481 (Oct. 11, 2022), an "Additional Judgment" is a judgment that, in addition to the Crystallex Judgment, is "to be considered by the Special Master for purposes of the Sale Transaction." *Id*, ¶ 30. The record in *Crystallex* also demonstrates that, from the time this Court first determined that a sale of PDVH shares should move forward to satisfy Crystallex's judgment, it also contemplated that additional creditors of Venezuela and/or PDVSA would share in the proceeds of that sale. *Crystallex*, D.I. 234 at 36 (noting that "[t]he process will result in the sale of as many, but only as many, shares of PDVH as are necessary to satisfy the judgment of Crystallex (and of any other judgment creditor whose judgment may be added to the sale)," and ordering that "[t]he parties (including, if they wish, ConocoPhillips and the United States) shall work with the special master to consider implementing procedures to permit any other judgment creditor of Venezuela to request to participate in the Court's process."); 37 (noting that "[w]hile Crystallex's incentives, as creditor, may extend only so far as to ensure that the result of the sales process is sufficient to recover what it is owed," Delaware law required a sales process that would

4

"maximize the sales price obtained").  The reasoning behind this Court's appointment of a special master to design a value-maximizing sale of the PDVH shares is particularly appropriate here, where the PDVH shares likely will be sufficient to satisfy the judgments of many or all of the judgment creditors before the Court, but where the pool of other Venezuelan assets in the United States is extremely limited.

This Court has already determined that Rusoro, together with the other conditional writ-holders in the Six Creditor Actions, has "proven, by a preponderance of the evidence, that PDVSA has been and is the alter ego of Venezuela, at all pertinent times, including from August 2018 through at least October 13, 2022," and granted each of them a conditional writ of attachment against the shares of PDVH.  *See* D.I. 43 at 2; 44.  *See also Koch Minerals Sàrl et al v. Bolivarian Republic Of Venezuela*, 22-mc-156 (D. Del.), D.I. 21 (Mar. 31, 2023); *Gold Reserve Inc. v. Bolivarian Republic Of Venezuela*, 22-mc-453 (D. Del.), D.I. 27 (Mar. 31, 2023).  Accordingly, the judgments held by these conditional writ-holders, including Rusoro, should be deemed "Additional Judgments" to be satisfied with proceeds resulting from the sale of the PDVH shares in accordance with the Sale Procedures Order.

**B.     The Court Should Convert All Conditional Writs of Attachment Against the PDVH Shares Into Unconditional Writs of Attachment**

The License expressly authorizes this Court to "engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias* for any party named an 'Additional Judgment Creditor' by the Court pursuant to the Sale Procedures Order related to *Crystallex Int'l Corp*., Case No. 1:17-mc-00151-LPS (D. Del.)."  D.I. 55 at 8.  The mere issuance of an unconditional writ of attachment would not effectuate a "transfer" of the PDVH shares nor any other action that remains prohibited under the License.  *See In re Consol.*

5

*Container Carriers, Inc.*, 385 F.2d 362, 365 (3d Cir. 1967) (service of a writ, without more, does not transfer ownership to the attaching creditor).

Consistent with the License, the Court should take all steps necessary to advance the attachment process as promptly as possible. Indeed, in his most recent report, the Special Master himself recommended that the "launch of the Marketing Process begin without any further delay," on the basis of present, but not fixed, circumstances—namely (1) the "*recent* change in [OFAC's] licensing policy" which means that "all parties can participate . . . without risk of penalty" or "chilled bidding," and (2) the ability for the Sale Process Parties "to take advantage of CITGO's *recent* financial and operational performance and the *current* state of the refining industry, as well as the financing and M&A markets." *Crystallex*, D.I. 553, at ¶¶ 7, 23-25, 34 (emphases added). To be sure, at no point did the Special Master indicate that such favorable conditions would remain in place forever. In fact, the Special Master's financial advisor, Evercore, warned that the "U.S. debt capital market environment has weakened" due to elevated interest rates, and there remains "a real risk of economic recession." *Id* at ¶¶ 28, 32. And, while the U.S. Government presently "does not, *as a matter of policy*, *intend* to block the completion of a Sale Transaction," *id* at ¶ 24, the reality, of course, is that OFAC's May 1, 2023, License "may be revoked or modified at any time." D.I. 55 at 7. All of these factors warrant proceeding with the prefatory steps set out in the Sale Procedures Order as soon as possible, before any of these circumstances change and cause a negative impact on the sale conditions that could prejudice the judgment creditors' ability to obtain satisfaction of their respective judgments, which Rusoro respectfully submits is long overdue.

### C. Under Delaware Law, Priority of Liens is Established by Actual Levy

10 Del. C. § 5081 governs when a lien on attached property is created:

> An execution shall not bind goods and chattels until it is delivered to the sheriff or other proper officer to be executed. An execution

>shall, from the time it is so delivered, bind all the goods and chattels of the defendant within the bailiwick, which shall be actually levied upon within 60 days thereafter. No levy upon goods and chattels, made by virtue of execution process, shall be of any force or effect as against a subsequent execution levied upon the same goods and chattels for a longer period than 3 years from the making of such first mentioned levy.

The plain language of Section 5081 demonstrates that a lien on attached property is perfected upon delivery of the writ of attachment to the sheriff (or, in federal cases, to the U.S. Marshal). *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, Misc. No. 19-290-LPS, 2022 WL 611563, at *8 (D. Del. Mar. 2, 2022). As Woolley's Practice explains, in providing that "an execution shall, from the time it is so delivered, bind the goods and chattels of the defendant, within the bailiwick, which shall be actually levied upon within sixty days thereafter," the Legislature provided that, although the attached property must be levied upon within 60 days, "**[t]he act of delivery of the writ** fixes the priority of the writ and the right of the execution creditor." 2 Victor B. Woolley, Woolley's Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware (1906), § 1014 (emphasis supplied). In other words, in order to establish priority, it is of no moment when a claim arises, when an action is brought, when a judgment is rendered or registered, when a motion for a writ of attachment is made, or even when that motion is granted. What matters is when the writ is *delivered* to the proper officer, assuming the property attached is then levied upon within 60 days.

At present, only Crystallex has delivered its writ of attachment to the U.S. Marshal's office. Priority among the remaining creditors who have obtained writs of attachment against the shares of PDVH has not been established by operation of law, because none of those remaining creditors has served its writ upon the U.S. Marshal. Accordingly, should this Court issue an order permitting each remaining judgment creditor simply to serve its writ, without additional guidance, it will likely set off a frenzied race to the U.S. Marshal's office among all creditors besides Crystallex,

7

and would subject creditor priority in these cases to the arbitrary order in which the creditors' writs happen to be received by the U.S. Marshal.  That outcome would make little sense where many of the creditors seeking to attach the PDVH shares obtained their writs at the same time, and the property subject to attachment cannot actually be transferred to, or disposed of by, any creditor absent a further license from the United States government.  *See* D.I. 555.  Here, but for the OFAC sanctions, each of the creditors (besides Crystallex) would likely have been issued an unconditional writ of attachment, and would likely have served their writ of attachment upon the Marshal immediately after issuance.

In this unique circumstance, this Court may and should exercise its discretion to fashion a more orderly and logical process for establishing priority among the creditors in a manner that stays within the contours of Delaware law while accounting for principles of fairness and equity.  *In re Nortel Networks, Inc.*, 532 B.R. 494, 532 (Bankr. D. Del. 2015) ("incumbent" on court to determine "allocation approach which leads to an equitable result in the absence of some guiding law or agreement").  Historical practice also supports this approach.  In discussing the sheriff's duty to distribute the proceeds of an execution among multiple creditors, Woolley's Practice notes that, in circumstances where there was disagreement among those creditors as to the distribution of such proceeds, Delaware practice permitted the sheriff to interplead the funds into the court for an equitable determination as to distribution.  2 Victor B. Woolley, Woolley's Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware, Vol. 2 (1906), §§ 1073, 1068.  As it is clear that this Court is authorized to make equitable determinations as to the distribution of the proceeds of an execution among competing creditors, Rusoro respectfully submits that this Court should exercise that authority to prevent a race to the U.S. Marshal's office and provide order and guidance to all creditors and the U.S. Marshal as to how the proceeds of any sale of the

PDVH shares should be distributed. Accordingly, Rusoro respectfully submits that the Court should issue an order providing for service on the writs on the Marshal in the sequential manner set out below. *See infra* Section II.

### D. Ordering Priority By Date of Writ of Attachment Preserves Priority for Crystallex and ConocoPhillips

Rusoro recognizes that this Court, based on principles of equity and fairness, may wish to retain priority among certain of the judgment creditors consistent with its earlier rulings. *See, e.g., Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, C.A. No. 17-mc-151-LPS, 2021 WL 129803, at *17 (D. Del. Jan. 14, 2021) ("Crystallex's priority status shall not be affected by the sales procedures that are ultimately implemented"); *OI European Grp.*, 2022 WL 611563, at *9 ("The Court's approach regarding the relief to be awarded at this time will not prejudice ConocoPhillips, which remains at an advantage over the other judgment creditors").

As stated above, Crystallex has already established its first-place position as a result of having already levied the PDVH shares. This Court has also previously stated its intention to maintain ConocoPhillips' "advantage over the other judgment creditors," which would also be preserved by ordering creditor priority in accordance with the date of issuance of the writ of attachment. Red Tree, ConocoPhillips Gulf, and Siemens obtained their respective writs thereafter, and would accordingly follow in order of priority.

### E. Judgment Creditors who Received Writs on the Same Day Should be Treated Equally

Rusoro, ACL, OIEG, and Huntington all received their writs of attachment on March 23, 2023. These four creditors should therefore be accorded equal priority. To the extent there is sufficient value created by the sale of the shares, no prejudice will result to any of the creditors in this priority tier; if the amount remaining following the satisfaction of higher-priority creditors is sufficient to pay each of these creditors' judgments plus accrued interest, each would be paid the

9

full amount owed to them. If, however, there are not sufficient funds from the sale to satisfy all four of the judgments, then (similar to the bankruptcy procedure where there are limited funds) each creditor in the same priority category should receive an identical pro rata percentage reduction in their judgment satisfaction payments. *In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d 311, 318 (3d Cir. 2003) (general unsecured creditors are entitled to receive a pro rata distribution of the debtor's unencumbered assets that remain after priority claims and others are paid). Rusoro respectfully submits that this is objectively the most equitable approach that complies with Delaware law.

### F. Judgment Creditors Who Received Their Writs Subsequently Should Have Lower Priority

Applying the same principles of Delaware law and the same logic, parties who obtained their writs later in time should have lower priority, as should any other judgment creditors whose judgments may be added to the sale of the PDVH shares but who have not yet obtained a writ. Rusoro takes no position on the order of priority among parties who obtain their writs in the future, but merely notes that such parties should be accorded a lower level of priority based on the fact that their writs were issued later in time.

## II. CONCLUSION

For all the foregoing reasons, Rusoro respectfully requests that the Court issue an order: (1) deeming Rusoro's judgment an Additional Judgment under Section 30 of the Sale Procedures Order, (2) converting the Court's order of March 23, 2023 granting a conditional writ of attachment to Rusoro into a full, unconditional writ of attachment, and (3) providing that any writ of attachment that has not yet been served on the U.S. Marshal should be served in the following sequence, and priority fixed in the following order:

| Priority No. | Creditor | Date of Writ of Execution |
|---|---|---|
| 1 | Phillips Petroleum Company Venezuela Limited | March 2, 2022 |
| 2 | Red Tree Investments, LLC | April 28, 2022 |
| 3 | Conocophillips Gulf of Paria B.V. | October 24, 2022 |
| 4 | Siemens Energy, Inc. | December 12, 2022 |
| 5 | OI European Group B.V. | March 23, 2023 |
| 5 | Northrop Grumman Ship Systems, Inc. | March 23, 2023 |
| 5 | ACL1 Investments Ltd., ACL2 Investments Ltd., and LDO (Cayman) XVIII Ltd. | March 23, 2023 |
| 5 | Rusoro Mining Ltd. | March 23, 2023 |
| 6 | Gold Reserve, Inc. | March 31, 2023 |
| 6 | Koch Minerals Sàrl and Koch Nitrogen International Sàrl | March 31, 2023 |

Dated: Wilmington, Delaware
May 24, 2023

Respectfully submitted,

*s/ R. Craig Martin*
R. Craig Martin (DE Bar No. 005032)

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, DE 19801
Tel: (302) 468-5655
Fax: (302) 778-7834
Craig.Martin@us.dlapiper.com

James E. Berger *(pro hac vice)*
Charlene C. Sun *(pro hac vice)*
John Canoni
Joshua S. Wan
Charlotte M. Westbrook

DLA Piper LLP (US)
1251 Avenue of the Americas

11

                                              New York, NY 10020
                                              Tel: (212) 335-4715
                                              Fax: (212) 884-8715
                                              James.Berger@us.dlapiper.com
                                              Charlene.Sun@us.dlapiper.com
                                              John.Canoni@us.dlapiper.com
                                              Joshua.Wan@us.dlapiper.com
                                              Charlotte.Westbrook@us.dlapiper.com

                                              *Attorneys for Plaintiff*