

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware, 19801
www.dlapiper.com

R. Craig Martin
craig.martin@dlapiper.com
T   302.468.5655
F   302.778.7834

August 14, 2023

**VIA ECF**

The Honorable Leonard P. Stark
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

      Re:    *Rusoro Mining Ltd. v. Bolivarian Rep. of Venez.,* 21-mc-00481-LPS (D. Del.); *Crystallex International Corporation v. Bolivarian Republic of Venezuela ("Crystallex"),* 1:17-mc-00151-LPS (D. Del.)

Dear Judge Stark:

      We write on behalf of Plaintiff and judgment creditor Rusoro Mining Limited ("Rusoro") to submit the materials required under Paragraph 32 of the Sixth Revised Sale Procedures Order in *Crystallex International Corporation v. Bolivarian Republic of Venezuela ("Crystallex")*, No. 1:17-mc-00151-LPS (D. Del.), D.I. 481, regarding Rusoro's judgment in accordance with the instructions set forth in the Special Master's letter to the Court dated August 7, 2023, and this Court's order dated August 8, 2023. *Crystallex*, D.I. 652, 654.

      **1.**    **Summary of the Parties' Underlying Dispute**

      Between 2006 and 2008, Rusoro acquired controlling interests in twenty-four Venezuelan companies, which collectively held a total of fifty-eight mining concessions and contracts in Venezuela. Rusoro suffered an unlawful expropriation under the regime of former Venezuelan President Hugo Chávez after President Chávez issued a decree in 2011 that asserted state control over the property and mining rights of all gold-producing companies in Venezuela.

      On July 17, 2012, Rusoro commenced arbitration proceedings against Venezuela claiming that Venezuela had expropriated its investment without payment of compensation. On August 22, 2016, an arbitral tribunal issued a final arbitration award against Venezuela and in favor of Rusoro, ordering Venezuela to pay nearly $1 billion in damages, plus interest, to Rusoro in connection with the Venezuelan government's expropriation of Rusoro's gold-mining assets in Venezuela (the "Award," Ex. 1). On March 2, 2018, the United States District Court for the District of Columbia ("D.C. Court") recognized the Award and entered judgment thereon (the "Judgment," Ex. 2).

      Rusoro's enforcement efforts were delayed by Venezuela's attempts to annul the Award in France, the seat of the arbitration. Initially, the Paris Court of Appeals partially annulled the

VIA ECF
The Honorable Leonard P. Stark
August 14, 2023
Page 2

damages portion of the Award in January 2019, while upholding the arbitral tribunal's finding on the merits that Venezuela had unlawfully expropriated Rusoro's investments. However, the French Supreme Court, the *Cour de Cassation*, reversed the decision of the Paris Court of Appeal annulling the damages portion of the Award, and reinstated the Award in full on March 31, 2021.

On November 4, 2021, Rusoro registered the Judgment in this District pursuant to 28 U.S.C. § 1963. Shortly thereafter, on February 9, 2022, Rusoro moved this Court for an order authorizing the issuance of a writ of attachment *fieri facias* against the PDVH shares, which the Court granted on March 23, 2023, after finding that PDVSA was Venezuela's alter ego. *Rusoro*, D.I. 44. The Court authorized the Clerk of the Court to affix its original signature and seal on the writ of attachment, but directed it not to issue or serve the writ until the requisite authorization was received from the Office of Foreign Assets Control ("OFAC").

On May 4, 2023, the Court entered an order docketing OFAC License No. VENEZUELA-EO13884-2023-1057131-1 ("OFAC License"). *Rusoro*, D.I. 55. The OFAC License authorizes the Clerk of the Court and any Additional Judgment Creditor to "engage in transactions and activities ordinarily incident and necessary to the issuance and service of a writ of attachment *fieri facias* for any party that has been designated an 'Additional Judgment Creditor'" under the Sale Procedures Order in *Crystallex*. *Id*. at 8.

PDVSA appealed the Court's decision and order granting Rusoro's motion for a writ of attachment on April 6, 2023. *Rusoro*, D.I. 48. The Third Circuit imposed a temporary administrative stay on the district court proceeding on May 10, 2023, while it considered the appeal on an expedited basis; it then affirmed the Court's ruling on July 7, 2023, denied the motion for a stay pending appeal, and issued its judgment (mandate) on July 28, 2023. *Rusoro*, D.I. 68.

### 2.      Description of Any Collection Efforts to Date

In 2018, Rusoro filed suit in the U.S. District Court for the Southern District of Texas seeking various forms of relief. Service of process was never completed on all defendants in that case, and the case was ultimately voluntarily dismissed without prejudice. Rusoro also served limited post-judgment discovery on Venezuela, as well as third-party discovery seeking information relating to Venezuelan assets. Also in 2018, Rusoro negotiated and entered into a settlement agreement with Venezuela, although Rusoro never received any payment under that agreement. As noted in Section 4 below, Venezuela has not paid, and Rusoro has not recovered, any part of the Award or the Judgment.

### 3.      Initial Amount of the Applicable Judgment

On March 2, 2018, the D.C. Court entered the Judgment against Venezuela in the amount of $967,777,002.00, plus (i) interest as provided by the arbitral tribunal; (ii) post-judgment interest, pursuant to 28 U.S.C. § 1961, accruing through the date of payment; and (iii) costs as provided by the arbitral tribunal, in the amount of $3,302,500.00. Ex. 2.

VIA ECF
The Honorable Leonard P. Stark
August 14, 2023
Page 3

The second component of the Judgment—the "interest as provided by the arbitral tribunal"—is set forth at Paragraph 904 of the Award. In Paragraph 904(7) of the Award, the tribunal "[o]rder[d] the Bolivarian Republic of Venezuela to pay Rusoro interest on the amounts of compensation and damages awarded in the two preceding paragraphs, accrued between 16 September 2011 and the date of actual payment, calculated at an interest rate p.a. equal to USD LIBOR for one year deposits, plus a margin of 4%, with a minimum of 4% p.a., to be compounded annually." Ex. 1, ¶ 904. The amounts set forth in the two preceding paragraphs of the Award are $966,500,000 and $1,277,002, which sum to $967,777,002. *Id.*

Rusoro therefore calculates "interest as provided by the arbitral tribunal" to equal interest on $967,777,002 at the rate of "USD LIBOR for one year deposits, plus a margin of 4%, with a minimum of 4% p.a., to be compounded annually," from September 16, 2011 through the Judgment date of March 2, 2018. This calculation, shown below, results in a total amount of pre-judgment interest of $356,703,813.53.[1]

| Principal | Start Date | End Date | # of Days | 1-Year LIBOR | Margin | Total Interest Rate | Annual Interest Expense |
|---|---|---|---|---|---|---|---|
| 967,777,002.00 | 9/16/2011 | 9/15/2012 | 366 | 0.83% | 4.0% | 4.83% | 46,791,437.38 |
| 1,014,568,439.38 | 9/16/2012 | 9/15/2013 | 365 | 0.99% | 4.0% | 4.99% | 50,647,256.49 |
| 1,065,215,695.87 | 9/16/2013 | 9/15/2014 | 365 | 0.66% | 4.0% | 4.66% | 49,597,508.02 |
| 1,114,813,203.89 | 9/16/2014 | 9/15/2015 | 365 | 0.58% | 4.0% | 4.58% | 51,088,544.69 |
| 1,165,901,748.58 | 9/16/2015 | 9/15/2016 | 366 | 0.87% | 4.0% | 4.87% | 56,739,191.55 |
| 1,222,640,940.13 | 9/16/2016 | 9/15/2017 | 365 | 1.54% | 4.0% | 5.54% | 67,794,095.23 |
| 1,290,435,035.36 | 9/16/2017 | 3/2/2018 | 168 | 1.73% | 4.0% | 5.73% | 34,045,780.17 |
| 1,324,480,815.53 | | | | | | Award Interest: $ | 356,703,813.53 |

Based on the above, the value of Rusoro's Judgment as of March 2, 2018, the date the Judgment was entered by the D.C. Court, was **$1,327,783,315.53**, which is the sum of (i) $967,777,002.00 (the amount of the judgment), (ii) 356,703,813.53 (the amount of interest accrued through March 2, 2018, as provided by the arbitral tribunal, as discussed above), and (iii) $3,302,500.00 (the amount of costs as provided by the arbitral tribunal).

4. **Amount By Which Judgment Has Been Reduced**

To date, Venezuela has not satisfied any portion of the Award or the Judgment.

5. **Interest Rate Accrual on Judgment**

Pursuant to Paragraph 4 of the Judgment, Ex. 2, post-judgment interest continues to accrue through the date of payment pursuant to 28 U.S.C. § 1961.

---

[1] One-year LIBOR data, which was previously published by the St. Louis Federal Reserve, was extracted from the St. Louis Federal Reserve's online database at https://fred.stlouisfed.org on January 6, 2022. Ex. 4. As applied to Rusoro's calculation, the one-year LIBOR rate represents the rate as of the start date of each annual period, and is updated when moving to the next annual period.

VIA ECF
The Honorable Leonard P. Stark
August 14, 2023
Page 4

      28 U.S.C. § 1961(a) provides that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." According to the interest rates published by the U.S. federal judiciary, the applicable rate is 2.02%. Ex. 3 at 5.[2] 28 U.S.C. § 1961(b) further provides that "interest shall be computed daily to the date of payment … and shall be compounded annually."

      Based on the above, Rusoro's Judgment of **$1,327,783,315.53** continues to accrue interest from March 2, 2018 through the date of payment at 2.02%, with interest computed daily and compounded annually. As of August 14, 2023, the value of Rusoro's Judgment is no less than **$1,480,861,982.23**. Post-judgment interest will continue to accrue at the rate of **$80,988.64** per day through March 1, 2024. The daily interest rate will reset on March 1, 2024, due to the annual compounding of the calculation, with interest accruing at the daily rate of **$82,850.98** through March 1, 2025, and so on, until the Judgment is satisfied.

      Respectfully submitted,

      */s/ R. Craig Martin*
      R. Craig Martin

---

[2] Historical post-judgment interest rates, as published by the U.S. federal judiciary, are available online at https://www.casb.uscourts.gov/sites/casb/files/historic_rates.pdf.